UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN L. STILLWELL,

    Plaintiff,

v.                                                     Case No. 3:18-cv-2176-RV/MJF

DUNLAP,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this court on Plaintiff's failure to respond to the undersigned's order of August 19, 2019. The undersigned recommends that this action be dismissed without prejudice for failure to comply with court orders and failure to prosecute.[1]

**I.    Background**

Plaintiff, a former inmate of the Florida Department of Corrections (FDOC), commenced this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleged violations of the Eighth and Fourteenth Amendments and named only one Defendant. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On November 2,

---

[1] The case was referred to the undersigned to address preliminary issues and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

2018, Chief Magistrate Judge Elizabeth M. Timothy denied this motion without prejudice. (Doc. 4). Judge Timothy imposed a thirty-day deadline for Plaintiff to either pay $400.00 ($350.00 filing fee and $50.00 administrative fee) or submit a properly completed motion for leave to proceed *in forma pauperis*. (*Id.*). On January 4, 2019, Plaintiff's second motion for leave to proceed *in forma pauperis* was docketed. (Doc. 6). On January 9, 2019, Judge Timothy granted this motion and assessed an initial partial filing fee of $13.66. (Doc. 7). Judge Timothy imposed a thirty-day deadline for Plaintiff to comply with the order and warned Plaintiff that his failure to comply "may result in a recommendation of dismissal of this action." (*Id.* at 7). The time elapsed for Plaintiff to comply, and Plaintiff failed to pay the initial partial filing fee.

The undersigned reviewed Plaintiff's complaint and found that it was deficient in several respects. (Doc. 9). On April 23, 2019, the undersigned issued an order directing the Plaintiff to amend his complaint to correct the deficiencies or to file a voluntary dismissal. (*Id.*). The undersigned imposed a thirty-day deadline to comply and warned Plaintiff that his failure to comply would "likely result in dismissal of this action for: (a) failure to comply with an order of this court; (b) failure to prosecute; and (c) failure to state a claim on which relief may be granted." (*Id.* at 12). Plaintiff failed to comply by the deadline.

On June 3, 2019, the undersigned issued an order directing Plaintiff to explain why he failed to comply with the undersigned's order of April 23, 2019. (Doc. 10). The undersigned imposed a thirty-day deadline and again warned Plaintiff that his failure to comply would likely result in dismissal.

On July 10, the undersigned issued an order to show cause directing Plaintiff to explain why he failed to comply with Judge Timothy's order directing him to pay the initial partial filing fee of $13.66. (Doc. 11). The undersigned imposed a thirty-day deadline for Plaintiff to comply and again warned Plaintiff that his failure to comply likely would result in dismissal of this action.

On July 22, 2016, the clerk of the court docketed a letter from Santa Rosa Correctional Institution indicating that these orders could not be delivered to the Plaintiff at the address provided. (Doc. 12). Upon review of the Florida Department of Corrections website, the court became aware of Plaintiff's release from prison. Thus, the undersigned issued an order directing Plaintiff to file a notice indicating his desire to prosecute this case and to pay his initial partial filing fee. (Doc. 13). The undersigned imposed a deadline of September 3, 2019, to comply. Plaintiff failed to comply with the undersigned's order.

## II.   Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820,

827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Federal courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)    The duration of the Plaintiff's failure to comply.** On January 9, 2019, Judge Timothy issued an order directing Plaintiff to pay an initial partial filing fee of $13.66. (Doc. 7). Judge Timothy's order provided Plaintiff thirty days to comply. Thus, Plaintiff has failed to comply with Judge Timothy's order since February 8, 2019.

**(2)    The Plaintiff's failure to comply with several court orders.** The Plaintiff has failed to comply with the following orders:

      a.    the order of January 9, 2019;

      b.    the order of April 23, 2019;

      c.    the order of June 3, 2019;

      d.    the order of July 10, 2019; and

      e.    the order of August 19, 2019.

**(3)    Plaintiff received notice that failure to act likely would result in dismissal.** Judge Timothy and the undersigned specifically warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff did not respond to these orders.

**(4)  The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5)  The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded notice and an opportunity to be heard. He has elected not to prosecute this action. The court's need to dispose of cases that are not being prosecuted outweighs other interests.

**(6)  The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to comply with Judge Timothy's and the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address). The relevant orders were designed to facilitate the disposition of this case on its merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition.

**(7)  The fact that any lesser sanction would be inefficacious.** Upon filing a *pro se* complaint, the Plaintiff received a packet from the clerk of the court

informing Plaintiff that he was required to notify the clerk of the court in writing if Plaintiff's mailing address changed. Plaintiff failed to update the clerk of the court with a mailing address. Similarly, Plaintiff ignored several court orders issued by this court. Plaintiff also likely lacks the funds to pay a fine. Accordingly, dismissal without prejudice is the appropriate sanction and any lesser sanction likely would be inefficacious.

## III.   Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with court orders and for failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 10th day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.